# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

Case No. 6:22-cv-00575-CEM-EJK

LISA DISSINGER,

    **Plaintiff,**

v.

FRONTLINE ASSET STRATEGIES LLC,

    **Defendant.**

_____/

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

**NOW COMES** Lisa Dissinger ("Plaintiff"), by and through her undersigned counsel, and pursuant to Fed. R. Civ. P. 15(a)(2), bringing this Motion for Leave to File First Amended Complaint, and in support thereof, stating as follows:

1. On March 21, 2022, Plaintiff filed the instant action against Frontline Asset Strategies LLC, ("Defendant") seeking redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et seq.* [Dkt. 1]

2. Plaintiff's claims arise from Defendant's alleged abusive debt collection practices.

3. On June 30, 2022, Defendant filed a Motion to Dismiss ("Defendant's Motion") arguing that Plaintiff's complaint should be dismissed for shotgun pleading.

4. In an effort to avoid unnecessary Motion practice, Plaintiff is seeking to amend her complaint to remove all shotgun pleadings. *See* attached Exhibit A, a true and correct copy of Plaintiff's proposed First Amended Complaint.

5. Pursuant to Fed. R. Civ. P. 15(a)(2), a court should freely give a party leave to amend its pleading when justice requires.

6. "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added).

7. Here there is good cause to allow Plaintiff to amend her Complaint to simply remove any shotgun pleadings.

8. Moreover, Defendant would not be prejudiced by the amendment as (1) no discovery has been completed, (2) there is ample time to complete discovery; and (3) Plaintiff is not asserting additional causes of action against Defendant.

9. Simply put, there is good cause for the amendment and the amendment would avoid the need for expensive and draining motion practice.

10. Moreover, the amendment will not impact any deadlines previously set by the Court.

11. Plaintiff seeks to amend her complaint in good faith and this is Plaintiff's first request to amend her complaint.

12. Based on the foregoing, the interests of justice dictate that Plaintiff should be afforded the opportunity to amend her complaint to remove its shotgun pleading pursuant to local rules.

13. Plaintiff's counsel conferred with Defendant's counsel regarding the relief sought herein and Defendant's counsel does not oppose the instant motion.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter an order granting Plaintiff leave to file her First Amended Complaint and grant any further relief the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Plaintiff's counsel conferred with Defendant's counsel regarding the relief sought herein and Defendant's counsel does not oppose all of the instant motion.

Dated: August 18, 2022

Respectfully submitted,

**LISA DISSINGER**

By: *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181
ataylor@sulaimanlaw.com